UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SAMANTHA BATES,

    Plaintiff,

vs.                                          Case No. 02-73692

TOWNSHIP OF VAN BUREN,            HON. AVERN COHN

    Defendant.
_____/


**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND
DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT[1]**

I. Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Samantha Bates (Bates) sued defendant Van Buren Township claiming that Township Ordinance 2-16-99(2),[2] entitled Nudity on Licenses Premises (the ordinance), violates her First and Fourteenth Amendment rights. Bates is an exotic/ topless dancer at the Garter Belt, Inc. d/b/a Legg's Lounge (the Garter Belt) located in the township and licensed to sell

---

[1]The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2]Bates also claims that Township Ordinances 22-106 through 22-112 were unconstitutional. However, as Van Buren Township notes, these ordinances were superceded and replaced by Township Ordinance 02-16-99(2). The only ordinance at issue therefore is Township Ordinance 02-16-99(2), as Bates conceded in her summary judgment papers.

alcoholic beverages.

In 2003, the parties filed the cross motions for summary judgment. Although both parties spent a good deal of effort arguing the merits of the case, the constitutionality of the ordinance was being considered by the Michigan Court of Appeals in a parallel proceeding by the Garter Belt, the establishment where Bates works. Accordingly, the Court dismissed the case without prejudice based on the abstention doctrine in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

Bates appealed. The Court of Appeals for the Sixth Circuit affirmed the decision to abstain, but modified the Court's decision to require a stay of proceedings rather than a dismissal without prejudice. Bates v. Van Buren Township, No. 03-2258, 2004 WL 2792483 (6th Cir. Dec. 6, 2004) (unpublished) (per curiam). The mandate issued on December 28, 2004. On January 4, 2005, the Court modified its decision and directed that the case be stayed.

Bates then filed a motion to lift the stay and allow supplemental briefing on the summary judgment motions. The Court granted the motion. See Order filed April 15, 2005. The parties filed supplemental briefs. The matter is now ready for decision. For the reasons that follow, Van Buren Township's motion for summary judgment is GRANTED and Bates' motion for partial summary judgment is DENIED. The case is DISMISSED under the doctrine of res judicata.

## II. Background[3]

---

[3] This Background is taken from the Court's April 15, 2005 Order.

A. The Ordinance

In 1999, Van Buren Township enacted a series of ordinances addressing sexually oriented business, commonly called SOB ordinances. The ordinance at issue here was one such SOB ordinance, known as Ordinance No. 02-16-99(2) (§ 6-69 of Van Buren Township's code of ordinances). It provides, in relevant part, as follows:

Nudity on Licensed Premises.

(1) No person, while appearing in a state of nudity as defined by this section, shall frequent, loiter, work or perform in any establishment licensed or subject to licensing by the Michigan Liquor Control Commission. No proprietor or operator of any such establishment shall allow the presence in such establishment of any person who violates the provisions of this section.

(2) "Nudity" shall be defined to be the exposure by view of persons, of any of the following body parts, either directly or indirectly, including but not limited to exposure, see-though clothing articles or body stocking:
(a)   the whole or part of the pubic region;
(b)   the whole or part of the anus;
(c)   the whole or part of the buttocks;
(d)   the whole or part of the genitals;
(e)   the breast area including nipple, or more than one-half of the area of the breast.

B. Enforcement Efforts

Dancers at the Garter Belt, including Bates, regularly have exposed their "breast area including nipple, or more than one-half of the area of the breast" while patrons were served alcoholic beverages both before and after the Nudity ordinance was enacted. On August 29, 2000, Van Buren Township sent a letter to the owner of the Garter Belt stating that the Garter Belt was in violation of the ordinance and asked that the violations stop.

C. Court Actions

The Garter Belt apparently did not comply because Van Buren Township filed

suit in Wayne County Circuit Court on November 6, 2000, seeking a permanent injunction that would require the Garter Belt to comply with the ordinance. (Garter Belt I)  The Garter Belt raised the defense that the ordinance is unconstitutional.

On December 13, 2000, the Garter Belt removed the case to federal court where it was assigned to another judge in this district. Charter Township of Van Buren v. The Garter Belt, No. 00-75395.  Two weeks later, on December 28, 2000, the Garter Belt filed a case in federal court against Van Buren Township challenging the scheme of Van Buren Township's SOBs, including the constitutional validity of the ordinance (Garter Belt II).  The Garter Belt, Inc. v. Charter Township of Van Buren, No. 00-75630.  Garter Belt I and Garter Belt II were consolidated and heard before the same judge.

In Garter Belt I, following an order to show cause, the court remanded the case to Wayne County Circuit Court for lack of subject matter jurisdiction on the grounds that the Garter Belt's federal defenses to the ordinances (that it is unconstitutional) do not provide a basis for federal jurisdiction.  See Order Remanding Case to Wayne County Circuit Court For Lack of Subject Matter Jurisdiction and Denying Plaintiffs' Motion to Remand as Moot, filed January 18, 2001, case no. 00-75395.

In Garter Belt II, the court granted Van Buren Township's motion to dismiss on the grounds that the court should abstain from hearing the case in deference to Garter Belt I which gave the Garter Belt an adequate opportunity to present all of its claims, state and federal, regarding the ordinance. See Opinion and Order Granting Defendants' Motion to Dismiss, filed June 28, 2001, case no. 00-75630.  The Garter Belt appealed the dismissal.  The Court of Appeals for the Sixth Circuit affirmed the district court's decision. Garter Belt, Inc. v. Van Buren Township, No. 01-2093, 2003

WL 21277358 (6th Cir. June 2, 2003) (unpublished).

Following dismissal of Garter Belt II, the Garter Belt and Van Buren Township continued to litigate Garter Belt I in state court. On December 11, 2001, the Wayne County Circuit Court entered a Judgment and permanent injunction against the Garter Belt, stating in part that the ordinance "is without constitutional or legal infirmity" and dismissed the Garter Belt's counterclaims.

The Garter Belt appealed this decision to the Michigan Court of Appeals, raising several claims, including constitutional claims. On September 25, 2003, the Michigan Court of Appeals affirmed the circuit court's decision in a published decision. Charter Township of Van Buren v. Garter Belt, Inc., 258 Mich. App. 594 (2003). The Michigan Supreme Court denied leave to appeal. 470 Mich. 880 (2004). On November 29, 2004, the United States Supreme Court denied certiorari. 125 S. Ct. 620 (2004).

Following the denial of certiorari, Bates filed a motion to lift the stay and allow supplemental briefing on the summary judgment motions. Bates specifically noted that "new case law" existed which supported her claims. The Court granted the motion. See Order filed April 15, 2005. As to supplemental briefing, the Court stated that "[b]oth parties shall address the issue of the impact of the state court's decision on Bates' claims and whether any doctrine(s) bar(s) her from litigating her claims in this forum." Order at p. 5.

### III. Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. There is no genuine issue of

material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the

moving party is entitled to judgment as a matter of law may summary judgment be granted.  Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

## IV.  Analysis

As an initial matter, in Bates' supplemental response she says that she is challenging the ordinance on First Amendment grounds; she does not refer to the Fourteenth Amendment.  She states:  "Bates challenges the Van Buren Township anti-nudity ordinance on the grounds that it restricts her First Amendment right of free speech.  Bates is a dancer.  It is her expression, communication, and speech that the ordinance was designed to prohibit."  Supplemental brief at p. 2.

### A.  Parties' Arguments - Preclusion/Abstention

Van Buren Township says that Bates is barred from litigating her federal claims in this court by the doctrines of res judicata and Rooker-Feldman.  Bates says that these doctrines, as well as any other preclusion/abstention doctrines do not bar her claims.  The Court will address only the doctrine it finds applicable.

### B.  Res Judicata

The parties agree that state law determines whether the first-issued state court decision will have preclusive effect on this forum.  See United States v. Dominguez, 359 F.3d 839, 841 (6th Cir. 2004).

The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action.  The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.  Sewell v. Clean Cut Mgt., Inc., 463 Mich. 569, 575 (2001).  The Michigan Supreme

Court "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." Adair v. State of Michigan, 470 Mich. 105, 120 (2004) (citing Dart v. Dart, 460 Mich. 573, 586, 597 N.W.2d 82 (1999)).

Examining the Sewell factors, the only element Bates contests is the second element - that the parties in the later suit be the same or be those in privity with them. Bates argues that she was not a party to Garter Belt I, that she was not a necessary party to the state court action, she was not notified by Van Buren Township of the state court action, and she is an independent contractor who rents space from the Garter Belt. Bates' argument implicates the scope of the concept of "privity."

The Michigan Supreme Court recently explained the concept of privity in the context of res judicata:

> To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert. Baraga Co. v. State Tax Comm., 466 Mich. 264, 269-270, 645 N.W.2d 13 (2002). The outer limit of the doctrine traditionally requires both a "substantial identity of interests" and a "working functional relationship" in which the interests of the nonparty are presented and protected by the party in the litigation. Id., quoting Baraga Co. v. State Tax Comm., 243 Mich. App. 452, 456, 622 N.W.2d 109 (2000), citing Phinisee v. Rogers, 229 Mich. App. 547, 553-554, 582 N.W.2d 852 (1998). ...
> Thus, **for the purposes of the second Sewell factor, a perfect identity of the parties is not required, only a "substantial identity of interests" that are adequately presented and protected by the first litigant**. ...

Adair, 470 Mich. at 122 (emphasis added).

Here, Bates and the Garter Belt clearly have a "substantial identity of interests:" that the ordinance be struck down on constitutional grounds. Bates works at the very

establishment which litigated the case in state court. Bates' interest was presented and protected by the Garter Belt before the Michigan courts. Indeed, the Garter Belt presented a First Amendment challenge to the ordinance. The Garter Belt argued that the ordinance constituted a prior restraint on the First Amendment. The Michigan Court of Appeals disagreed, stating:

> Although being "in a state of nudity" is not an inherently expressive condition," Pap's supra at 289, 120 S. Ct. 1382 nonobscene nude dancing may be a form of expression falling within the outer limits of the First Amendment, Jott, supra at 526, 569 N.W.2d 841, citing Barnes supra at 565-566, 111 S. Ct. 2456. On the other hand, the First Amendment does not protect nude dancing involving lewd, sexual activity. Michigan ex rel Wayne County Co. Prosecutor v. Dizzy Duck, 449 Mich. 353, 360-361, 365, 535 N.W. 2d 178 (1995). So a censor's effort to ban nude dancing because it is obscene may experience difficulties in separating nonobscene expressive conduct from obscene nude dancing. **Defendant's argument fails because neither plaintiff's ordinance nor the injunction at issue here totally bans nude dancing on the basis that it is obscene; the ordinance and the order to comply with the ordinance only prohibit nude dancing at a place where liquor is sold**. Jott, supra at 538, 569 N.W.2d 841. The "critical fact is that [the ordinance and the injunction enforcing it] has not forbidden [nude dancing] across the board." Id., quoting LaRue, supra at 118, 93 S. Ct. 390.

Garter Belt I, 258 Mich. at 624-25 (emphasis added). Thus, the Garter Belt raised the very claim Bates seeks to raise here - that the ordinance violates the First Amendment. Under these circumstances, Bates is in privity with the Garter Belt for purposes of res judicata.

It is noted that the Sixth Circuit, in remanding the case for entry of stay order, indicated that Bates' suit may be able to proceed in federal court following the conclusion of Garter Belt I:

> Because Colorado River abstention is temporary, federal courts will often eventually hear a case they have abstained from deciding. Colorado River

> abstention is temporary because all the reasons for it dissipate once the state court proceedings have run their course. At that point, if any party still has a claim for which it is entitled to a federal forum, and it is not barred by res judicata or a similar doctrine, it may return to federal court. Because, under Colorado River abstention, the parties in the state and federal proceedings need not be identical, the federal suit will normally not be barred by res judicata and federal litigation may resume if the state courts do not moot the issue on state law grounds.

Bates v. Van Buren Township, slip op. at p. 10 (footnotes omitted). The Sixth Circuit's statements are dicta and cannot be construed, as Bates suggests, to mean that she is not barred by res judicata from litigating her claim in this forum. The Sixth Circuit's statements do not take into consideration Michigan law, set forth above, which does not require the same parties for purposes of res judicata. Moreover, the Sixth Circuit's statements are equivocal, not definitive, and even indicate that res judicata may apply.

Although Bates does not challenge the application of the other elements for res judicata, it is worth noting that the elements are satisfied. The Garter Belt I was decided on the merits, and as stated above, the same issue was presented and decided by the Michigan Court of Appeals. In short, Bates is barred by res judicata from litigating her claim in federal court.

SO ORDERED.

Dated: July 25, 2005

      s/Avern Cohn  
      AVERN COHN  
      UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 25, 2005, by electronic and/or ordinary mail.

      s/Julie Owens  
      Case Manager, (313) 234-5160